[No. 14149. *En Banc.* January 9, 1918.].

THE STATE OF WASHINGTON, *on the Relation of James E.* *Faucett, Plaintiff,* v. KENNETH MACKINTOSH, *Judge etc., et al., Defendants.*[1]

APPEAL—DECISION—PROCEEDINGS AFTER REMAND—EFFECT OF DECIS- IONS. Where in an action to cancel a contract in which the defend- ant filed a cross-complaint for specific performance of the agree- ment, which was for a lease with an option for an extension and for purchase of the property, the supreme court reversed a judg- ment for plaintiff, unless fraud could be proven, and upon a second appeal, found that fraud was not proven, and directed judgment ac- cordingly, the defendant is entitled to judgment for specific per- formance; and the lower court will, after remand, be required to enter such judgment giving the defendant the right to purchase the premises; and the same is not open to the objection that it. would be the making of a new contract, as the original contract was clearly to that effect.

Application filed in the supreme court April 19, 1917, for a writ of prohibition to the superior court for King county, Mackintosh, J., to prohibit the entry of a judgment. Denied.

*Jay C. Allen,* for plaintiff.

*Paul B. Phillips* and *I. B. Knickerbocker,* for defendants.

MOUNT, J.—This is an application for a writ to prohibit one of the judges of the superior court of King county from entering a decree proposed by the defendant in the case of Faucett v. Northern Clay Company, and commanding the court to enter a decree proposed by the plaintiff therein.

The facts are briefly as follows: The relator instituted an action in the superior court seeking to have a certain con- tract declared null and void, which contract was entered into with the Northern Clay Company. That company answered the complaint and filed a cross-complaint in which it sought to have the contract specifically enforced. When the case was tried, the lower court held that the contract was uncer-

[1]Reported in 169 Pac. 831.

tain, and entered a judgment for the plaintiff in that action. Upon appeal, this court reversed the lower court and sent the case back,

"With directions to the lower court to compel respondent to enter into a lease for a term of two years from and after the 8th day of March, 1914, or for such longer period as the parties may mutually agree upon, and at a rental to be fixed by agreement or by a board of arbitrators as provided in the contract, unless, upon a rehearing of the case, the court sustains the charge that the contract was induced by fraud and is not binding upon him for that reason." *Faucett v. Northern Clay Co.*, 84 Wash. 382, 146 Pac. 857.

Thereafter the case was retried and resulted in a judgment in the lower court finding that the contract was void because of fraud. Thereupon an appeal was prosecuted from that judgment, and this court, after considering all the evidence in the case, found there was not sufficient evidence of fraud, and again reversed the lower court and remanded the case with instructions "to enter a decree in accordance with our former opinion." *Faucett v. Northern Clay Co.*, 93 Wash. 239, 160 Pac. 643.

After the remittitur went down, the respondent here presented to the court a decree which the relator now seeks to prohibit the court from signing. The relator also presented a decree which he seeks by this writ to require the court to sign. When the case was here upon the first appeal, we found that the contract was a valid contract and required the relator to perform the terms thereof, unless, upon a further trial of the case, the court sustained the charge that the contract was induced by fraud. A retrial was had and, upon appeal therefrom, we determined that there was no fraud, and directed the trial court to enter a judgment in accordance with the former opinion. It is plain that the result of these two decisions was a direction to the lower court to compel specific performance of the contract in question and to require the parties to enter into a lease for a term of two years from and after the 8th day of March, 1914, or for such long-

er period as the parties may mutually agree upon, and at a rental to be fixed by agreement or by a board of arbitrators as provided in the contract. This contract is set out upon the first appeal in 84 Wash. 382, *supra*. The fifth paragraph of that contract provides that if, upon the 8th day of March, 1914, Faucett shall decline to sell the land to the Northern Clay Company, then the clay company shall have the right to require a lease from thenceforward for such period as the parties may agree upon, and if the parties shall not be able to agree upon the rental value, then arbitrators shall be appointed to determine the fair rental value of the premises. Paragraph six provides that, at the expiration of such second lease, the Northern Clay Company shall have the absolute right to purchase said premises upon terms to be then agreed upon between the parties. There is a provision that, if the parties to the sale shall be unable to agree upon the value, then arbitrators shall be appointed who shall determine the fair and reasonable value of the land. Unless the parties shall agree upon a longer period of lease than the two years therein mentioned from March 8, 1914, it is plain that the only substantial relief the clay company now has is the right to purchase the land from the relator according to the terms of the contract. The decree which the relator seeks to prohibit the lower court from signing provides for the preservation of this right, and the decree which the relator seeks denies this right. This right is no doubt a valuable and substantial right which the Northern Clay Company may have enforced.

It is argued by the relator that the decree proposed by the Northern Clay Company provides for specific performance of the contract sued on. It no doubt does so, and the decree which this court in 93 Wash. 239, *supra*, required to be entered was, in substance, a decree of specific performance of the contract between the parties.

The relator next argues that the decree proposed by the clay company provides that, if the parties are unable to agree as to the terms of duration of the new lease commenc–

ing March 8, 1914, over and above two years, then the term shall be deemed to have run for two years from March 8, 1914, with the absolute right of the clay company, if it shall so elect, to purchase from the relator the real estate described in accordance with the terms of the contract forthwith, the same as though the premises had been purchased on or about March 8, 1916. We think it is plain, from the direction in the first opinion, that the clay company is clearly entitled to this provision in the decree.

The decree proposed by the Northern Clay Company provides that the lease shall

"contain a stipulation, among others, that, at the expiration of said lease, or as soon after the expiration thereof as may be if the period of said lease shall then have expired, the Northern Clay Company, its successors or assigns shall have the absolute option and right to purchase said premises from said James E. Faucett, his heirs, executors, administrators or assigns, provided that, if the contracting parties to such sale shall be unable to agree upon the value of the same, then each of said parties shall appoint an arbitrator, and the two arbitrators so appointed shall jointly select a third arbitrator and the three so chosen shall determine the fair and reasonable value of said land without the improvements as at the date of expiration of such lease, and that the contracting parties shall abide by their decision."

Relator argues that this is making a new contract between the parties. The contract originally entered into between the parties to this litigation is clearly to the effect of that stipulation and it is proper to be inserted in the lease. We are of the opinion that a decree providing for this relief is in accordance with our direction upon the appeals hereinabove referred to. After reading both the decree proposed by the relator and the decree proposed by counsel for the respondent, we are satisfied that the one proposed by the respondent, with the modifications which the trial court returns that he will make, is the proper one to be entered, because it preserves the rights of all the parties as provided for in the original contract. and we are of the opinion that the decree

which the relator seeks to require the court to enter does not provide for the right of the respondent clay company to purchase the land under the terms of that contract. We are satisfied, therefore, that the trial court should not be prohibited from entering the decree which he proposes to enter.

The writ is therefore denied.

All concur.